there was also due $265.97 as interest.  On that day Watson assigned to Ellerbe "eight hundred dollars of the debt and interest due on within execution."  *Held*, that this assignment transferred the $265.97, interest then due, and $534.03 of the principal, and that Ellerbe was entitled to receive out of the proceeds of this judgment $534.03, with interest from May 16, 1871, and $265.97 without interest.  Decree of PRESSLEY, J., modified.  OPINION by MR. JUSTICE McIVER, February 4, 1887.  *Johnson & Johnson,* for Ellerbe.  *F. D. Bryant* and *Sellers & Sellers,* contra.

No. 1982.  MEADE *v.* CAROLINA NATIONAL BANK.  November Term, 1886.  In action against a bank, the question was whether plaintiff had made a certain deposit in the bank on a day stated.  The cashier being on the stand as a witness for the defendant, explained the manner of handling money and keeping books by the defendant, and was then asked by defendant's attorneys : "If plaintiff really made the deposit as he claims, on what theory, if any, can you account for its not appearing on the books of the bank ?"  Plaintiff objected, but the objection was overruled, and witness answered: "Upon no other theory, but that the teller put the money in his pocket."  The appeal involved only the correctness of this ruling by the Circuit Judge (Kershaw).

This court held that the question was incompetent ; that the matter involved was a specific fact—whether or not a certain deposit had been made on a given day—and was not a matter of opinion ; that it was for the jury and not the witness to draw inferences from the facts in evidence.  Judgment reversed.  OPINION by MR. JUSTICE McIVER, February 14, 1887.  *J. C. Haskell,* for appellant.  *Clark & Muller,* contra.

No. 1992.  HARVEY *v.* HARVEY.  November Term, 1886.  This is a second appeal, the first appeal being reported in 25 S. C. at page 283, where the facts are fully stated.  The question raised between the defendants was there left open.  On its return to the court below, the Circuit Judge (Hudson) held that Swink was not entitled to recover the land from Jane Ward and William Harvey, because he had failed to establish title in himself, and because Jane and William were protected by the adverse holding